UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| RICKY CARTHAN, SR. | DOCKET NO. 2:04 CV 1625 |
|---|---|
| VS. | JUDGE MINALDI |
| BURL CAIN, WARDEN | MAGISTRATE JUDGE KAY |

### MEMORANDUM OPINION AND ORDER

Presently before the court is Ricky Carthan's ("Carthan") Re-urged Rule 60(b)(6) Motion to Reconsider (doc. 20) received by the court on September 15, 2011. Carthan is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Louisiana State Penitentiary, Angola, Louisiana, and names Warden Burl Cain as his defendant herein.

By way of this motion, Carthan is again asking the court to reconsider a judgment dated March 14, 2005, denying his petition for habeas relief (doc. 7). In support, he claims that Fifth Circuit case law governing the timeliness of habeas petitions has changed since he was sentenced. Thus, he argues that he is entitled to have the court review the tolling period at issue in this case.

### *Statement of the Case*

On August 18, 1998, petitioner was convicted of felony grade possession of stolen property in the Thirty-Sixth Judicial District Court, Beauregard Parish, Docket No. CR-98-196. On December 21, 1998, he was adjudicated as a habitual offender[1] and sentenced to life imprisonment. His conviction and sentence were affirmed on direct appeal. *Louisiana v. Ricky*

---

[1] Pursuant to Louisiana Revised Statute 15:529.1.

1

*Carthan*, 765 So.2d 357 (La. App. 3 Cir. 12/8/1999), writ denied 778 So.2d 547 (La. 2001), reconsideration denied 788 So.2d 438 (La. 2001). He unsuccessfully sought post-conviction relief in the Louisiana courts and on August 2, 2004, he filed a petition for writ of habeas corpus (doc. 1, present case) in which he attacked his conviction, his adjudication as a habitual offender, and his sentence. On March 15, 2005, this court dismissed his petition with prejudice as time-barred by the provisions of 28 U.S.C. § 2244(d) (doc. 5, report and recommendation; doc. 7, judgment of the District Court). His request for a certificate of appealability was denied by the United States Fifth Circuit Court of Appeals on December 14, 2005 (doc. 16, judgment/order of the Fifth Circuit Court of Appeals).

On November 20, 2008, petitioner filed another petition for writ of habeas corpus in this court, which was docketed under Civil Action No. 2:08-cv-1821, *Carthan v. Cain*. Carthan again attacked the same conviction, adjudication, and sentence that was imposed by the Thirty-Sixth Judicial District Court. That petition was deemed second and successive (*Id.* at doc. 4, report and recommendation) and was transferred to the United States Fifth Circuit Court of Appeals (*Id.* at doc. 6). On June 8, 2009, the Fifth Circuit denied Carthan's motion for authorization to file a successive §2254 application (*Id.* at doc. 7).

On April 9, 2010, Carthan filed yet another petition for writ of habeas corpus in this court, said petition docketed in *Carthan v. Cain*, 2:10-cv-617. Once again, Carthan sought federal habeas corpus review of the same Beauregard Parish conviction (No. CR 98-196). As with his previous habeas petition, this court found that the petition was successive (*Id.* at doc. 7, report and recommendation). On June 29, 2011, the matter was transferred to the United States Fifth Circuit Court of Appeals (*Id.* at doc. 7).

Apparently simultaneously with the April 9, 2010 filing of the habeas petition in 2:10-cv-617, Carthan filed a Rule 60(b)(6) Motion to Reconsider in the case at bar (2:04-cv-1625, docs. 17 & 18). Finding that the motion was actually a successive habeas petition, this court dismissed the motion pending Carthan obtaining leave from the Fifth Circuit to refile same. (doc. 19). The Rule 60(b)(6) motion was based on Carthan's assertion that new Fifth Circuit case law [2] changed the law governing the timeliness of habeas petitions. Specifically, he asked this court to reconsider its March 14, 2005 judgment denying his petition for habeas relief. That judgment reckoned the date that his judgment of conviction became final from the date (January 12, 2001) that the Louisiana Supreme Court denied his application for writ of certiorari. In accordance with the new case law, Carthan claimed that the finality of his conviction should have been reckoned from the Louisiana Supreme Court's denial (March 30, 2001) of his **motion for rehearing** *rather* than that court's January 12, 2001 denial of his writ application.

Following the May 24, 2010 dismissal of the Rule 60(b)(6) motion, Carthan sought authorization from the Fifth Circuit to file a successive habeas petition. On August 31, 2011, the Fifth Circuit made two findings regarding the requested authorization. (*In Re:* Ricky Carthan, Sr., No, 11-30596; *see also*, doc. 18, 2:10-617, *Carthan v. Cain*). First, the court found that the issues regarding the denial of Carthan's first §2254 petition as time barred were "not ripe at the time he filed his initial §2254 application." (*Id.* at 1). Therefore, the Fifth Circuit concluded that those claims were not successive, and thust denied Carthan's motion for authorization to file a successive §2254 as unnecessary as to those claims. The court found that the remaining claims that Carthan sought to raise in his §2254 application "were 'ripe' because these claims existed when he filed his initial application and the claims attack the same judgment of conviction." (*Id.* at 2). The Fifth Circuit continued by stating, "Because the claims that Carthan now wishes to

---

[2] *Wilson v. Cain*, 564 F. 3d 702 (5th Cir. 2009).

3

raise were or could have been raised in his initial §2254 application, the proposed application is successive." (*Id.* at 2). The court denied this portion of the application as Carthan failed to make "a prima facie showing that the motion contains either newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." (*Id.* at 2).

On September 15, 2011, based on the Fifth Circuit's finding that the issues regarding the denial of his first §2254 petition as time barred were not second and successive, Carthan re-urged his Rule 60(b)(6) Motion to Reconsider the March 14, 2005 judgment denying his original petition for habeas relief.

## *Law and Analysis*

Carthan's Rule 60(b)(6) Motion seeks to vacate this court's March 15, 2005 judgment dismissing the petition for *habeas corpus* with prejudice as time-barred. Carthan contends that pursuant to *Wilson*, the finality his judgment of conviction for AEDPA purposes should have been reckoned from the Louisiana Supreme Court's March 30, 2001 denial of his **motion for rehearing** *rather* than that court's January 12, 2001 denial of his writ application. Using this calculation, movant claims that his original habeas corpus petition would have been timely filed and that he is entitled to relief from the previous judgment.

Carthan's motion invokes F.R.C.P. Rule 60(b)(6), which would allow relief from judgment "for any other reason that justifies relief." However, he cannot rely on the basis of Rule 60(b)(6) because a court may not grant relief under Rule 60(b)(6) from a judgment that correctly applied the controlling precedent at the time based on a subsequent change in the law. *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir.2002); *Gonzalez v. Crosby*, 545 U.S. at 536, 125 S.Ct. at 2650-51 (holding, in a similar case, that the Supreme Court's subsequent decision in *Artuz v.*

4

*Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000), a decision that overruled Eleventh Circuit precedent upon which the district court relied in denying the petitioner's federal *habeas* petition as time barred, did not constitute an "extraordinary circumstance" justifying relief under Rule 60(b)(6)). Movant's only ground for reopening the judgment denying his first federal *habeas* petition is that the decision in *Wilson* showed the error of the court's statute-of-limitations ruling. Even assuming for present purposes that the court's ruling was incorrect, relief under Rule 60(b)(6) requires a showing of 'extraordinary circumstances.' Carthan contends that *Wilson's* change in the interpretation of the AEDPA statute of limitations meets this description. However, this court's interpretation was by all appearances correct under the Fifth Circuit's then-prevailing interpretation of the applicable sections of 28 U.S.C. § 2244(d). It is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this court arrived at a different interpretation. Although our constructions of federal statutes customarily apply to all cases then pending on direct review, see, e.g., *Harper v. Virginia Dept. of Taxation*, 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993), not every interpretation of the federal statutes setting forth the requirements for habeas provides cause for reopening cases long since final." *Gonzalez*, 545 U.S. at 536. Moreover, "[a] change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment." *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990); *U.S. ex rel. Garibaldi v. Orleans Parish School Bd.*, 397 F.3d 334, 337 (5th Cir. 2005).

Likewise, though not relied on by movant, F.R.C.P. Rule 60(b)(5) does not provide him with the requested relief. Specifically, F.R.C.P. Rule 60(b)(5), provides, "On motion and just terms, the court may relieve a party ... from a final judgment ... for the following reasons ... the judgment ... is based on an earlier judgment that has been reversed or vacated ...." However, the

quoted portion of Rule 60(b)(5) "does not authorize relief from a judgment on the ground that the law applied by the court in making its adjudication has been subsequently overruled or declared erroneous in another and unrelated proceeding." *Bailey*, at 160 (quoting *Lubben v. Selective Serv. Sys. Local Board No. 27*, 453 F.2d 645, 650 (1st Cir.1972)). Thus, movant is not entitled to relief pursuant to Rule 60(b)(5) on the grounds of *Wilson's* subsequent application of the law.

Additionally, movant cannot (and does not) rely on the provisions of Rule 60(b)(1), (2), or (3) because motions made pursuant to those subsections "... must be made ... no more than a year after the entry of the judgment or order or the date of the proceeding." Giving movant the benefit of every doubt and even if he was otherwise entitled to relief, his motion would be untimely.

Nor can Carthan rely on Rule 60(b)(4) since the judgment attacked is not void. (See *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 208 (5th Cir.2003) (A judgment is "void" if the court which rendered it lacked subject matter jurisdiction or personal jurisdiction or otherwise acted in a manner as to deny due process.)

Accordingly, this court finds that Carthan is not entitled to the relief he seeks and therefore, his Rule 60(b)(6) Motion for Reconsideration from Judgment Denying 28 U.S.C. §2254 Application is **DENIED**.

A copy of this order should also be filed in 2:10-617, *Carthan v. Cain*.

Any other relief requested by movant is hereby **DENIED**.

**THUS DONE AND SIGNED,** in Chambers, in Lake Charles, Louisiana, on this 28 day of October, 2011.

PATRICIA MINALDI
**UNITED STATES DISTRICT JUDGE**